## J. B. DAVIS v. KESSAWAYNE LUMBER COMPANY.

(Filed 2 June, 1920.)

**New Trials— Negligence— Release— Fraud—Undue Influence—Evidence —Trials.**

> Where there is evidence tending to show that a release for damages for a personal injury, the subject of the action, had been procured by the defendant from the plaintiff by fraud and undue influence, a holding that there was no evidence of this character by the trial judge constitutes reversible error. The Court does not discuss this evidence as a new trial is ordered.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1920, of HAYWOOD.

This is an action to recover damages for personal injury caused, as the plaintiff alleges, by the negligence of the defendant.

The defendant filed answer denying negligence, and setting up as a defense a release executed by the plaintiff.

The plaintiff replied, alleging that the execution of the release was procured by fraud and undue influence.

At the conclusion of the evidence his Honor held that there was no evidence of fraud and undue influence, and entered judgment of nonsuit, and the plaintiff excepted and appealed.

*John M. Queen and Felix E. Alley for plaintiff.*
*Martin, Rollins & Wright for defendant.*

ALLEN, J. There is evidence tending to establish the contention of the defendant that the release was a fair and just settlement of the claim of the plaintiff, but we cannot say, after an inspection of the whole record, that there is no evidence, direct or circumstantial, of fraud or undue influence, and being of the opinion that there is some evidence fit to be considered by the jury, a new trial is ordered, without intimation or expression of opinion as to the weight of the evidence.

We refrain from discussing or setting out the different circumstances, because if we did so undue importance might be attached to those referred to, and the question ought to be tried before the jury free from any expression of opinion, real or apparent, by us.

A new trial is ordered.

New trial.